UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES        )
170 S. Lincoln Street                      )
Suite 150                                        )
Spokane, WA 99201                     )
          Plaintiff,                        )
   v.                                            )     Civil Case No. 21 - 1247
                                 )
UNITED STATES DEPARTMENT  )
 OF THE INTERIOR                      )
1849 C Street ,N.W.                       )
Washington, D.C. 20240                )
                                 )
          Defendant.                      )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES for its complaint against Defendant UNITED STATES DEPARTMENT OF THE INTERIOR, alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory and injunctive relief, seeking immediate processing and release of agency records responsive to Plaintiff's request following the unlawful denial of expedited processing by the defendant, its improper denial of fee waiver, and the agency's inscrutable decision to classify a nonprofit organization as a commercial requester.

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy Advocates uses state and federal open records law to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant United States Department of the Interior ("DoI" or "the Department") is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). The Department has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 552(a)(6)(E)(iii) and 28 U.S.C. § 1331.

5. This Court has jurisdiction pursuant to 5. U.S.C. § 552(a)(6)(E)(iii) to review an agency's denial of an expedited processing request.

6. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

7. Plaintiff submitted the FOIA request to Defendant via the FOIAOnline service on May 3, 2021. The FOIA request sought all memoranda or documents produced or received by employees within the Department of the Interior's Departmental Ethics Office pertaining or relating to Senior Counselor to the Secretary Elizabeth Klein as well as expedited processing of the request, citing to FOIA, Department regulations, and the facts of this matter as set forth and referenced elsewhere herein.

8. Ms. Klein, a one-time candidate for Deputy Secretary of the Interior whose nominationwas withdrawn by the White House, was quietly announced last month as having been made Senior Counselor to the Secretary. See, e.g., Juliet Eilperin and Joshua Partlow, "White House pulls nominee for Interior's No. 2 post after opposition from centrists," Washington Post, May 23, 2021, https://www.washingtonpost.com/climate-environment/2021/03/23/interior-klein-murkowski/).

9. Due to real and/or potential conflicts as affirmed in public records related to Ms. Klein's prior employment with the New York University School of Law's State Energy and Environmental Impact Center, where Ms. Klein was an attorney representing at least seventeen states and the District of Columbia (including on "particular matters" adverse to the Department), the Defendant's ethics/recusal memoranda and documents likely in the possession of the Ethics Office in the Office of the Solicitor are of tremendous public importance.

10. The memoranda and documents responsive to the request at issue here inherently must reveal either a lack of disclosure about Ms. Klein's previous legal work (and therefore lack of required approval), or a disclosure and approval (with substantial restrictions) of conflicts so numerous as to render Ms. Klein incapable of participating on a broad array of matters for which the taxpayer presumably is paying for service, and about which the taxpayer deserves to know without further delay.

11. Defendant received the request May 3, 2021 and on the same day assigned it tracking number DOI-SOL-2021-003887.

12. On May 5, 2021, Defendant denied Plaintiff's request for expedited processing and for a fee waiver. Inexplicably, Defendant also classified Plaintiff as a commercial requester despite its status as a nonprofit.

13. Plaintiff states on information and belief that Defendant rarely denies FOIA fee waiver requests.

14. Defendant has previously granted Plaintiff's requests for fee waiver, and expressed no reason in the instant case for its sudden reversal of past practice.

15. Plaintiff is a media outlet for FOIA's purposes. The individual signatory on the request also expressly identified himself as a radio journalist.

16. As Plaintiff informed Defendant in the instant request, the Department and other federal agencies have acknowledged Plaintiff's status as a media outlet (*e.g.,* Securities & Exchange Commission Request No. 21-00769-FOIA; Department of the Interior Request No. DOI-OS-2021-003335).

## PLAINTIFF'S REQUEST MERITS EXPEDITED PROCESSING

17. The Department's regulations provide for expedited treatment if the request involves a "compelling need" defined as "[][a]n urgency to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information to the public." 43 C.F.R. § 2.20(a)(2).

18. Department regulations further clarify "in most situations, a person primarily engaged in disseminating information will be a representative of the news media." 43 C.F.R. § 2.20(a)(2)(i).

19. Plaintiff's FOIA request clearly and quite fulsomely stated the importance of the information as it relates to actual or alleged Federal Government activity related to a senior Department legal official and her ethical obligations, which have become increasingly urgent in light of the recent opposition to and decision to withdraw her consideration as an appointee to a position requiring United States Senate advice and consent, and judicial affirmation that she served as counsel to parties adverse to the Department including in numerous "particular matters."

20. Among the key facts Plaintiff provided the Ethics Office are:

    the press release announcing Ms. Klein's appointment made no mention of her recent employment as Deputy Director of the State Energy & Environmental Impact

Center at the New York University School of Law (the Center), which role carries significant ethics and disclosure obligations for Ms. Klein, and the Department. It is for that reason that this omission, whether inadvertent or deliberate, is troubling.

The work performed by the Center and Ms. Klein for their various clients almost certainly means that Ms. Klein is prohibited from participating in any deliberation, decision or action pertaining to a substantial number of states, absent specific waivers by the Department of the Interior's Ethics Office….

As a result of EPA open-records litigation extending back several years, and other work now in the public domain, it is beyond dispute that Ms. Klein's former employer had an attorney-client relationship with many states. The agreement was for representation specifically by Ms. Klein (as well as Special Advisor to President Biden, David Hayes).

As described last month by the Maryland Court of Special Appeals, the Center provided "state Attorney General offices two types of support: a) direct legal assistance to state AGs on specific administrative, judicial or legislative matters involving clean energy, climate change, and environmental interests of regional and national significance" and b) the recruitment, hiring and compensation of NYU fellows. *Government Accountability & Oversight, P.C. v. Brian Frosh*, 24-C-19-001095, No. 2602, Md. App. (March 1, 2021).

The multitude of States which retained the Center established an attorney-client relationship with Ms. Klein's former employer. These agreements are also matters of public record. Therefore, Ms. Klein is necessarily recused from all particular matters involving specific parties in which these various client States are a party or represent a party, absent securing a specific waiver from the ethics designee.[1]

---

[1] Plaintiff cited to a recent judicial opinion and other records affirming Ms. Klein's relationships available at https://govoversight.org/wp-content/uploads/2021/04/MD-Ct-of-Appeals-2602s19-GAO-PC-v.-Frosh.pdf, https://climatelitigationwatch.org/wp-content/uploads/2021/04/Maryland-AG-Retainer-agreement.pdf, https://climatelitigationwatch.org/wp-content/uploads/2020/11/NY-OAG-retainer-agreement-application-for-Bloomberg-SAAGs-etc.pdf, https://climatelitigationwatch.org/wp-

21. There is an urgency to inform the public about the alleged government activity; namely, the potential that a senior Department official is operating in violation of regulations governing disclosure and approval of potential conflicts of interest or that the official is so restricted due to disclosed conflicts that decision-making within the Secretary's Office is all but paralyzed with required efforts to work around such sweeping conflicts.

22. Further, the requested information is "the type of information that has particular value that will be lost if not disseminated quickly[.]" 43 C.F.R. § 2.20(a)(2)(iii). Department regulations note that such information is typically "a breaking news story that concerns a matter of public exigency." 43 C.F.R. § 2.20(a)(2)(iii).

23. Ms. Klein's prior employment and withdrawal from consideration for Senate-approved appointment have already elicited significant, national media attention and thus the information requested "concerns a matter of exigency."

24. Plaintiff's FOIA request further stated Plaintiff's known pattern of broadly disseminating information, including but not limited to through one of the country's newspapers with the widest readership, as well as the Plaintiff's Executive Director's position as a radio journalist with his own program which broadcasts each weekday.

25. Plaintiff has demonstrated a "compelling need" required for expedited processing and is entitled to expedited processing of this FOIA request.

---

content/uploads/2018/06/State-Impact-Center-Retainer-agreement-FINAL-DRAFT.docx, https://climatelitigationwatch.org/wp-content/uploads/2021/04/WA-AGO-NYU-Center-agreement.pdf.

## Count I

**Violation of FOIA, 5 U.S.C. § 552; Failure to Grant Request for Expedited Processing**

26. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

27. Plaintiff requested expedited processing pursuant to Defendant's expedited processing regulations. 43 C.F.R. § 2.20.

28. Plaintiff established the unique and timely public interest in understanding the resolution of or unresolved problems with the Klein conflicts, disclosures, and restrictions as she serves in a senior, legal position advising the Secretary of the Interior.

29. Plaintiff established it is a media outlet for FOIA purposes, and that it is primarily engaged in dissemination of information, and that Defendant has recognized this fact.

30. FOIA provides that agencies must promulgate regulations providing for expedited processing of requests for records when "made by a person primarily engaged in disseminating information" and there is an "urgency to inform the public concerning actual or alleged Federal Government activity," and "in other cases determined by the agency." 5 U.S.C. §§ 552(a)(6)(E)(i), (v).

31. Defendant's failure to grant expedited processing for Plaintiff's FOIA request violates the FOIA.

32. FOIA further provides that "[a]gency action to deny or affirm denial of a request for expedited processing …shall be subject to judicial review[.]" 5 U.S.C. § 552(a)(6)(E)(iii).

33. There is no requirement that a requester first exhaust administrative remedies prior to seeking judicial review of a denial of expedited processing. *See e.g., ACLU v. U.S. Dep't*

*of Justice*, 321 F.Supp.2d 24, 28 (D.D.C. 2004), *Elec. Privacy Info. Ctr. V. Dep't of Defense*, 355 F.Supp.2d 98, 100 n.1 (D.D.C. 2004).

## PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Order Defendant to undertake expedited processing of this request, and complete its processing and response to the FOIA request consistent with 5 U.S.C. §§ 552(a)(6)(E), the Department's own implementing regulations, and other applicable law;

3. Order the Defendant, upon completion of expedited processing, to release to Plaintiff all responsive records, subject to any legitimate withholdings, at no cost;

4. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 6th day of May, 2021,

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
(202) 802-1948
MatthewDHardin@protonmail.com