**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ENERGY POLICY ADVOCATES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF )<br>THE INTERIOR )<br>)<br>Defendant. ) | Case No. 1:21-cv-1247-JEB |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR A PRELIMINIARY INJUNCTION**

I.     **INTRODUCTION**

Plaintiff Energy Policy Advocates ("EPA"), a non-profit organization dedicated to obtaining and disseminating public information concerning energy and environmental policy, brings this Motion for a Preliminary Injunction to expedite processing and obtain a fee waiver or media classification regarding a Freedom of Information Act (hereinafter "FOIA") request filed May 3, 2021. It seeks public records that Plaintiff had earlier sought from the Department through other means, that other media outlets have sought from the Department, and which have been requested by Members of Congress, all to no avail. As alleged in the Complaint, Defendant United States Department of the Interior (hereinafter "the Department" or "Interior") denied Plaintiff's request for expedited processing and classified requester as a commercial user on May 5, 2021.

Plaintiff's FOIA request sought information broadly related to the ethics waivers and recusals of Senior Counselor to the Secretary Elizabeth Klein. The public record shows that Klein, a one-time candidate for Deputy Secretary of the Interior whose announced appointment

was withdrawn by the White House,[1] has several potential conflicts of interest related to her prior position at the New York University School of Law's State Energy and Environmental Impact Center ("the Impact Center"). Both Klein and her employer (the Impact Center) provided legal representation and assistance to at least seventeen states and the District of Columbia, including on "particular matters" adverse to the Department. Given the tremendous public interest in the ethics of those appointed to the highest levels of office, the urgency in informing the public of real and potential ethical conflicts, and Plaintiff's proven ability to widely disseminate information, Plaintiff respectfully asks this Court to enjoin the Department from relying upon unreasoned and facially improper bases to delay the processing of the request at issue.

## II.     ARGUMENT

The Freedom of Information Act grants this Court the power to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). An agency denial of a request for expedited processing is subject to immediate judicial review. 5 U.S.C. § 552(a)(6)(E)(iii). This Court has granted preliminary injunctions in FOIA cases where the records at issue have been requested to inform an imminent public debate. *See Center for Public Integrity v. U.S. Dep't of Defense* 411 F.Supp.3d 5, 10 (D.D.C. 2019).

This Court must evaluate four factors in deciding whether to grant the Motion for a Preliminary Injunction: the movant's likelihood of success on the merits, potential irreparable harm, the balance of the hardships of the parties, and the public interest. See *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 555 U.S. 7 (2008). In cases where the party opposing a

---

[1] Juliet Eilperin and Joshua Partlow, "White House pulls nominee for Interior's No. 2 post after opposition from centrists," Washington Post, March 23, 2021, https://www.washingtonpost.com/climate-environment/2021/03/23/interior-klein-murkowski/.

motion for a preliminary injunction is the federal government, the third and fourth elements merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

1. **The Plaintiff is Likely to Succeed on the Merits.**

The D.C. Circuit has suggested, but not held, "that a likelihood of success is an independent, free-standing requirement for a preliminary injunction," See *Sherley v. Sebelius*, 644 F.3d 388, 396 (D.C. Cir. 2011), citing *Davis v. Pension Benefit Guaranty Corp.*, 571 F.3d 1288, 1296 (2009), accord *Guedes v. Bureau Of Alcohol, Tobacco, Firearms*, 920 F.3d 1, 10 (D.C. Cir. 2019). "While the probability of success on the merits is a factor to be considered on a motion for preliminary injunction, such an application does not involve a final determination of the merits, but rather the exercise of a sound judicial discretion on the need for interim relief." See *Industrial Bank of Washington v. Tobriner*, 405 F.2d 1321, 1324 (D.C. Cir. 1968), citing *Public Service Commission of Wisconsin v. Wisconsin Telephone Co.*, 289 U.S. 67, 70, 53 S.Ct. 514, 515, 77 L.Ed. 1036 (1933).The sole issue of this Motion is whether the Plaintiff is entitled to expedited processing. See *Landmark Legal Fund v. E.P.A.*, 910 F. Supp.2d 270, 274 (D.D.C. 2012)

The FOIA further requires an agency to provide expedited processing "in cases in which the person requesting the records demonstrates a compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). A compelling need means "with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

Plaintiff is, as stated in the FOIA request at issue in this case, an organization primarily engaged in disseminating information with a track record of having its findings published in major newspapers and industry journals. Further, as explained *supra*, there is an urgency to

release these records in an expeditious manner as nearly every major Department decision is, in some way, clouded by the both the potential for and actual occurrence of conflicts by a senior official within the Department. Plaintiff's FOIA request is made by a party primarily engaged in disseminating information and there is an urgency to inform the public of both alleged Federal Government activity. Plaintiff has met the requirements for expedited processing and is entitled to expedited processing.

2. **Plaintiff Will Be Irreparably Harmed by Delayed Processing.**

Both Energy Policy Advocates and the public will be irreparably harmed without the requested preliminary injunction. It is well-settled in this Circuit that the loss or abridgment of constitutionally-protected rights for even minimal periods of time constitutes irreparable harm *per se*. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 299 (D.C. Cir. 2006), citing *Elrod v. Burns*, 427 U.S. 347 (1976). Although the D.C. Circuit has differentiated statutory rights arising under FOIA from First Amendment rights arising under the Constitution, there is no basis for believing that the loss of statutory rights is any less of a *per se* irreparable injury than the loss of Constitutional rights. *Center for Nat. Sec. Studies v. Dept. of Justice*, 331 F.3d 918 (D.C. Cir. 2003). Even assuming the loss or abridgment of a statutory right under FOIA was not an irreparable injury *per se*, the D.C. Circuit has suggested that a "clear threat to a statutory right… can easily be categorized as an impending irreparable injury." *Bannercraft Clothing Company v. Renegotiation Board*, 466 F.2d 345, 356 (D.C. Cir. 1972).

The records sought in this request will provide crucial insight into the propriety of on-going decision-making within the Department. Ms. Klein's position as Senior Counselor to the Secretary casts a shadow of ethical conflict on all decisions issued by the Secretary's Office. Plaintiff states on information and belief that it was the first party to request these records, but

that other parties have subsequently also requested them. If the Department is permitted to slow-walk the instant request on the complex processing track, especially in the absence of any reasoned explanation for doing so and in the face of extraordinary public interest, Energy Policy Advocates and the public at large will be irreparably harmed as they remain in the dark as to the propriety of major Interior decisions. The potential for irreparable harm is great without the release of these records. Any decision impacted by Ms. Klein's conflict of interest has the potential to irreparably harm many and cannot be easily undone. *See Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F.Supp.3d 293, 301 (D.D.C. 2017).

Further, despite the potential of great harm to a large number of persons, Plaintiff specifically is harmed by the failure to receive expedited processing as it loses the ability to break new stories. As a nonprofit engaged in disseminating information, every request for expedited processing denied – especially in the absence of any legitimate explanation or reasoning on the part of the government — delegitimizes the Plaintiff and impedes its ability to be a leader in the field of energy and environmental news.

**3. The Balance of the Hardships and the Public Interest Favor the Plaintiff.**

The balance of the hardships and the public interest merge in actions where the Government is the opposing party. *Guedes*, 920 F.3d at 10 (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009). The hardship on the Department in minimal in this case. The records requested are presumably few in number and located within one office of the Department. The Defendant is not being tasked with an onerous burden, but rather with producing a limited number of documents that are not subject to any FOIA exemption.

The public interest uniquely favors Plaintiff here as "[t]here is public benefit in the release of information that adds to citizens' knowledge" of government operations. *Ctr. To*

*Prevent Gun Handgun Violence v. U.S. Dep't of Treasury*, 49 F.Supp.2d 3, 5 (D.D.C. 1999). The Supreme Court acknowledges "[t]he basic purpose of FOIA is to ensure an informed citizenry, vital to the function of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *N.L.R.B. v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978). Plaintiff's request concerns ethics records of a senior Department official involved in major decision-making within the Department. The public has a right to know whether or not senior officials are making conflicted decisions, and whether they disclosed conflicts in their ethics vetting process; the public is harmed on a daily basis as more decisions are made without ethical clarity.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff asks this Court to order the Department to begin expedited processing of this request immediately. Alternatively, EPA requests this Court enjoin the Defendant from relying upon its erroneous and unreasoned decision not to grant expedited processing.

Respectfully submitted this the 27th day of May, 2021,

ENERGY POLICY ADVOCATES
By Counsel

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006

**Certificate of Service**

I hereby certify that on this the 27th day of May 2021, I will file the foregoing with the Court's CM/ECFG system, which will electronically provide notice to all counsel of record. Because the defendant has not yet appeared by counsel, I will also deposit a true and correct copy of the foregoing into the U.S. Mail, via trackable "Priority Mail" with postage prepaid, addressed as follows:

>U.S. Attorney's Office
>Attn.: Civil Process / URGENT
>555 4th Street NW
>Washington, DC 20001

A cover letter explaining the circumstances that necessitated service by mail will be enclosed, and the letter will further request the name and contact information for assigned defense counsel.

>/s/Matthew D. Hardin
>Matthew D. Hardin, D.C. Bar No. 1032711
>Hardin Law Office
>1725 I Street NW, Suite 300
>Washington, DC 20006