UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ENERGY POLICY ADVOCATES, )
)
       Plaintiff, )
v. ) Civil Case No. 21-1247 (JEB)
)
UNITED STATES DEPARTMENT )
OF THE INTERIOR, )
)
       Defendant. )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, challenges the Department of the Interior's ("DOI" or "Interior") refusal to grant expedited processing to Energy Policy Advocates' ("EPA") FOIA request for certain ethics waiver and recusal records of Elizabeth Klein, senior counselor to the Secretary of the Department of the Interior.

The FOIA provides for expedited processing of requests where a "compelling need" exists. 5 U.S.C. § 552(a)(6)(E)(i). Interior's FOIA regulations define "compelling need" as those situations where "[t]here is a compelling need to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information." 43 C.F.R. § 2.20(a)(2). If a request for expedited processing is denied, Interior regulations require the agency to "[i]nform [requester] of the basis for the denial, including an explanation of why the expedited processing request does not meet the Department's expedited processing criteria[.]" 43 C.F.R. § 2.20(g)(1).

In its FOIA request, EPA provided a detailed explanation of the importance of the records requested as well as a description of its ability to widely disseminate the same to a broad audience. Rather than provide a detailed explanation of why the expedited processing request was denied and did not meet the Department's criteria, the Department simply denied the request without explanation. Interior's cursory response is inadequate as a matter of law and violated Interior's own regulations. Therefore, EPA is entitled to expedited processing of its request.

## ARGUMENT

Summary judgment is proper where there are no disputes of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of material fact. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F.Supp.2d 83, 87 (D.D.C. 2009).

### 1. This Court Has Jurisdiction to Review the Department's Decision and Apply Proper FOIA Standards.

Federal agencies must grant expedited processing where a "compelling need" exists. 5 U.S.C. § 552(a)(6)(E)(i). Under the FOIA, a "compelling need" is demonstrated "with respect to a request made by a person primarily engaged in disseminating information" when there is "an urgency to inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II). Interior's FOIA regulations define "compelling need" as those situations where "[t]here is a compelling need to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information." 43 C.F.R. § 2.20(a)(2).

A denial of expedited processing is subject to immediate *de novo* judicial review without deference to the agency's determinations of "compelling need". 5 U.S.C. § 552(a)(6)(E)(iii); *See*

*Al-Fayed v. Cent. Intelligence Agency,* 254 F.3d 300, 307-08 (D.D.C. 2001). Review is based upon the administration record at the time of the determination. 5 U.S.C. § 552(a)(6)(E)(iii).

### 2. The Administrative Record Shows an Urgency to Inform the Public about Actual or Alleged Federal Government Activity Made by a Person Primarily Engaged in Disseminating Information.

The D.C. Circuit has recognized that "stale information is of little value." *Payne Enterprises, Inc. v. United States,* 837 F.2d 486, 494, 267 U.S. App. D.C. 63 (D.C. Cir. 1988). Expedited processing is mandatory upon a showing of an urgency to inform the public about actual or alleged Federal Government activity made by a person primarily engaged in disseminating information. EPA's FOIA request meets this standard, and Interior's failure to analyze, address, or in any way challenge EPA's representations regarding the urgency of releasing the requested information has resulted in an administrative record that contains nothing that in any way controverts EPA's arguments in favor of expedited processing and release of records.

First, EPA has been recognized as a media outlet by the Federal Government, and the Department of the Interior specifically, in response to prior FOIA requests. *Complaint* ¶ 16. Defendant does not dispute this in its answer or in the agency's administrative record. Second, the FOIA request seeks information related to Federal Government activity. ECF No. 11 at pp. 22-23. The FOIA request sought ethics waivers and recusals of a high-ranking and potentially conflicted Interior official occupying a position within the Secretary's Office. ECF No. 11 at pp. 16-19. The records requested would demonstrate what, if any, conflicts have been identified, what actions have been taken to remove Ms. Klein from decision-making affected by those conflicts, and any recusals from decision-making Ms. Klein has taken. Such records inarguably concern Federal Government Activity, and indeed Interior has failed to argue to the contrary.

Finally, the requested records are urgently needed to inform public debate on Interior decision-making.

Courts evaluating an urgency to inform consider "(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequence of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity." *Al-Fayed*, at 310. As noted above, the FOIA request inarguably concerns Federal Government activity. Further, the first two *Al-Fayed* factors also support expedited processing.

The request at issue in this case concerns a matter of current exigency to the American public. Ms. Klein's potential conflicts are currently the subject of on-going media and public interest, as made clear in Plaintiff's pleadings and the subsequent public record. The records sought do not concern historical events, but active decision-making coming from with the Secretary of the Department of the Interior's Office. As to a significant recognized interest element of the *Fayed* test, continued delay compromises the public's ability to take part in a timely debate on the actions taken by Interior and could result in the release of information after the formulation of policy decisions have occurred. *See Nat. Res. Def. Council v. Dep't of Energy*, 191 F.Supp.2d 41, 43 (D.D.C. 2002).

### 3. Interior's Response Provides No Explanation for Its Denial of the Request for Expedited Processing.

Interior's explanation for its refusal to grant expedited processing is the single sentence at best: "Your request for Expedited Processing for the FOIA request DOI-SOL-2021-003887 has been denied." By contrast, Interior's regulations require the agency to "[i]nform [requester] of the basis for the denial, including an explanation of why the expedited processing request does

not meet the Department's expedited processing criteria[.]" 43 C.F.R. § 2.20(g)(1). Interior has failed to meet the burden it has placed upon itself for denying a request for expedited processing. Further, while judicial review of administrative actions is narrow, "[an] agency must…articulate a satisfactory explanation for its action including a rational connection between the facts found and choice made[.]" *Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 30 (1983). Interior's response does not include any rational connection between the facts presented in the FOIA request and the decision to not grant expedited processing. This Court, therefore, is compelled to reverse Interior's determination.

## CONCLUSION

For the foregoing reasons, Energy Policy Advocates requests an order (1) requiring Defendant provide a statutorily-compliant response to the request within ten days of the order being filed, and (2) setting a status conference within twenty days to establish a schedule for the expedited release of the requested records.

Respectfully submitted this the 7th day of July 2021,

ENERGY POLICY ADVOCATES
By Counsel:

/s/Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com