UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ENERGY POLICY ADVOCATES,**<br><br>   Plaintiff,<br><br>   v.<br><br>**U.S. DEPARTMENT OF THE INTERIOR,**<br><br>   Defendant. | Civil Action No. 21-1247 (JEB) |

### MEMORANDUM OPINION

Plaintiff Energy Policy Advocates submitted a Freedom of Information Act request last spring to Defendant Department of the Interior seeking records about Elizabeth Klein, Senior Counselor to the Secretary. EPA also sought expedited processing of the request. Although Interior has since completed its search for potentially responsive records and disclosed nearly 500 pages to Plaintiff, it denied expedited processing. Dissatisfied with that decision, EPA brought this suit. Because Plaintiff has not carried its burden of establishing that expedited processing is justified, the Court will deny its Motion for Summary Judgment and grant Defendant's Cross-Motion.

**I.  Background**

On May 3, 2021, EPA submitted a FOIA request to Defendant, seeking "[a]ll memoranda or documents produced by or received by employees within the Departmental Ethics Office pertaining or relating to Elizabeth Klein." ECF No. 11-2 (Administrative Record) at 3, 16, 19. Plaintiff also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E). Id. at 20. The request to expedite consisted of just two paragraphs, which stated the following:

1

> Given the urgency of the specific facts involved here as described on pages 1-3, *supra*, including, in the event of conflicts and failure(s) to recuse, the implications thereof, and the importance of the public's need to know whether their officials are operating consistent with their ethical obligations, EPA requests expedited processing. To facilitate this request, we request that the FOIA office use the email Enterprise Records and Document Management System (eERDMS) to search and process this request.
>
> For the reasons stated, there is a "compelling need" under 43 CFR § 2.20 because of this "There is an urgency to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information", and EPA's status as an entity primarily engaged in disseminating information and recognized status for these purposes as a media requester. [*Sic*]

Id. (footnotes omitted). The facts referenced on pages 1–3 of the request describe Klein's prior employment, her government appointment, and speculation about her possible conflicts of interest. Id. at 16–18.

On May 5, Defendant denied EPA's request for expedited processing, though without providing an explanation for its decision. Id. at 3, 12. Plaintiff filed this lawsuit the next day, asserting that Interior had violated FOIA by its denial. See ECF No. 1 (Compl.), ¶¶ 26–33. The parties have now cross-moved for summary judgment. See ECF Nos. 13-2 (Pl. MSJ); 15-1 (Def. MSJ).

The Court held a hearing on September 8 to determine which records Interior had already disclosed to EPA. See Hearing Transcript of Sept. 8, 2021. Interior there explained that it had completed its records search, which turned up approximately 3,800 pages of potentially responsive records. Id. at 2–3. The agency reported that it had released 424 pages to Plaintiff and, pursuant to court order, anticipated making monthly disclosures until production was complete in five months. Id. Despite the disclosures and reasonably near projected completion date, EPA insisted that the Court decide these Motions. Id. at 5–6.

2

**II.      Legal Standard**

Summary judgment must be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Holcomb v. Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). A fact is "material" if it can affect the substantive outcome of the litigation. See Liberty Lobby, 477 U.S. at 248; Holcomb, 433 F.3d at 895. A dispute is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Liberty Lobby, 477 U.S. at 248; see also Scott v. Harris, 550 U.S. 372, 380 (2007); Holcomb, 433 F.3d at 895. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

FOIA cases typically and appropriately are decided on motions for summary judgment. See Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 527 (D.C. Cir. 2011). An agency's decision to deny a request for expedited processing is subject to *de novo* judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii); see Al-Fayed v. CIA, 254 F.3d 300, 304–07 (D.C. Cir. 2001). The party seeking expedited processing bears the burden of showing that expedition is appropriate. Wadelton v. Dep't of State, 941 F. Supp. 2d 120, 122 (D.D.C. 2013) (citing Al-Fayed, 254 F.3d at 305 n.4).

3

**III.   Analysis**

Unlike many multifaceted FOIA disputes, the issue here is straightforward: did Interior lawfully deny Plaintiff's request for expedited processing? FOIA explains that expedited processing is appropriate "in cases in which the person requesting the records demonstrates a compelling need." 5 U.S.C. § 552(a)(6)(E)(i)(I). "Compelling need" is defined, in turn, to mean:

> (I) that a failure to obtain requested records on an expedited basis . . . could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or
>
> (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

Id. § 552(a)(6)(E)(v). EPA contends that it satisfies the standard laid out in the second definition, which is mirrored in Interior's regulation. See Pl. MSJ at 2; see also 43 C.F.R. § 2.20(a) (Compelling need is established when "[t]here is an urgency to inform the public about an actual or alleged Federal Government activity and the request is made by a person primarily engaged in disseminating information.").

Defendant, for its part, raises two primary arguments for why it is entitled to summary judgment: (1) Plaintiff has not established that it is a "person primarily engaged in disseminating information," and (2) it has failed to demonstrate urgency. See Def. MSJ at 8–13. The Court looks at each.

   A.   Compelling Need

      1.   *Disseminating Information*

In Al-Fayed, the D.C. Circuit cited the legislative history of the 1996 amendments providing for expedited processing of FOIA requests and explained, "The specified categories

4

for compelling need are intended to be narrowly applied." 254 F.3d at 310 (quoting H.R. Rep. No. 104-795, at 26 (1996)). Courts in this district have subsequently referenced the same language to emphasize that they "must be cautious in deeming non-media organizations as persons primarily engaged in information dissemination." Landmark Legal Found. v. Envtl. Prot. Agency, 910 F. Supp. 2d 270, 275–76 (D.D.C. 2012). "Although courts in this Circuit and elsewhere have routinely held that media organizations and newspapers qualify under this category, in light of the pertinent legislative history, other types of organizations have been held to not qualify, unless information dissemination is also their main activity, and not merely incidental to other activities that are their actual, core purpose." Progress v. Consumer Fin. Prot. Bureau, No. 17-686, 2017 WL 1750263, at *4 (D.D.C. May 4, 2017) (collecting cases). Similarly, the relevant Interior regulation states, "In most situations, a person primarily engaged in disseminating information will be a representative of the news media." 43 C.F.R. § 2.20(a)(2)(i).

Relying on this cabined definition, Interior contends that Plaintiff has not carried its burden of demonstrating that it is primarily engaged in disseminating information. See Def. MSJ at 8–10. The Court preliminarily notes that its "determination of whether Plaintiff qualifies as a person primarily engaged in information dissemination is based solely on the record before the [agency] at the time it denied Plaintiff's request for expedited processing." Progress, 2017 WL 1750263, at *4. As in other expedited-processing cases, the relevant portion of "[t]hat record consists solely of the FOIA Requests themselves." Id.

Here, the section of EPA's request titled "Expedited Processing" does not establish that the organization is primarily engaged in disseminating information. See Administrative Record at 20. Recall that the pertinent excerpt of that section states merely that EPA has "status as an

entity primarily engaged in disseminating information and recognized status for these purposes as a media requester." Id. (footnote omitted).  The request also cites two prior FOIA requests that purportedly support that statement — though neither of those requests is provided, and the Administrative Record contains no proof that EPA has previously been considered an entity primarily engaged in disseminating information.  Id. at 20 n.5.  Such conclusory assertions tell the Court nothing specific about EPA's primary function and are not enough to satisfy its burden with respect to the first element of the "compelling need" inquiry.

Plaintiff finds surer footing, however, in the "Fee Waiver" section of its FOIA request. Id. at 21–26.  Courts have looked to that section in making their disseminating-information assessment, see Progress, 2017 WL 1750263, at *4, and here the section complicates how best to characterize EPA.  For instance, EPA there states that it "is dedicated to obtaining and disseminating information relating to energy and environmental public policy."  Administrative Record at 25.  More specifically, the section also explains that EPA "publishes its findings regularly through the organization's website," that its "work is frequently cited in newspapers and trade and political publications," and that EPA "intends to publish information from requested records on its website [and] distribute the records and expert analysis to its followers through social media channels including Twitter, Facebook, and other similar platforms."  Id. (footnote omitted).

While the Fee Waiver section thus provides some evidence that EPA engages in disseminating information, it is difficult to conclusively evaluate — based on the administrative record alone — whether that is the group's primary function.  At the end of the day, the Court need not resolve the issue because Plaintiff has not carried its burden with respect to urgency.

6

### 2. *Urgency*

To evaluate whether a requester has established urgency, "courts must consider three factors: '(1) whether the request concerns a matter of current exigency to the American public; (2) whether the consequences of delaying a response would compromise a significant recognized interest; and (3) whether the request concerns federal government activity.'" Legal Eagle, LLC v. Nat'l Sec. Council Recs. Access & Info. Sec. Mgmt. Directorate, No. 20-1732, 2021 WL 1061222, at *5 (D.D.C. Mar. 18, 2021) (quoting Al-Fayed, 254 F.3d at 310). Because Interior "does not dispute that Plaintiff's FOIA request concerns actual or alleged Federal government activity," Def. MSJ at 8, the Court's inquiry centers on whether EPA has carried its burden on the first two considerations. The Court concludes that it has not.

In its FOIA request, Plaintiff alleged that there is an urgent need to expedite record processing because of "the importance of the public's need to know whether their officials are operating consistent with their ethical obligations." Administrative Record at 20 (footnote omitted). Elsewhere in the request, EPA raised questions about "the massive potential scope of Ms. Klein's conflicts and the wide range of actions brought by the[] states she recently represented including in particular matters adverse to and otherwise relating to the Department." Id. at 18. The request also points to "[r]ecent news articles" from April 2021 "discussing Klein's reassignment [within Interior] and her role with her former employer." Id. It also suggests that "it is reasonable to expect that Ms. Klein has already played a key role in numerous deliberations, decisions and actions taken since January 21, 2020." Id.

Those broad assertions do not establish that EPA's request concerns a matter of current exigency to the American public and that the consequences of delaying a response would compromise a significant recognized interest. See Al-Fayed, 254 F.3d at 310. While the request

7

may suggest that the requested information is <u>important</u> in some sense, it fails to identify any specific reason to conclude that obtaining the requested documents is <u>time sensitive</u>.  <u>See</u> Def. MSJ at 11.  And while EPA has pointed to limited news coverage relating to Klein, the topic "bears no resemblance to . . . matters of genuine widespread public concern," "such as public debate over the renewal of the USA PATRIOT ACT," which courts have found warrant expedited processing.  <u>See</u> <u>Wadelton</u>, 941 F. Supp. 2d at 123 (citing <u>ACLU v. Dep't of Justice</u>, 321 F. Supp. 2d 24, 29 (D.D.C. 2004)).  In that regard, this case is much more analogous to <u>Wadelton</u>, in which the Court explained, "That articles on this topic appear on a specialized blog dedicated to the Foreign Service and are read by several thousand people does not demonstrate that the information is a 'matter of a current exigency to the American public.'"  <u>Id.</u> (internal quotation marks and citations omitted).

Indeed, based on the administrative record, it is unclear precisely what "significant recognized interest" would be compromised by releasing the documents in accordance with a typical processing timeline, as opposed to on an expedited basis.  It is also worth noting that Interior has already produced a significant number of the requested documents and that it anticipates producing all remaining ones within the next five months.  <u>See</u> Hearing Transcript at 2–3.  In light of that reality, EPA has not established that waiting several more months for production of all responsive records would compromise a significant recognized interest that "justif[ies] placing its request[] ahead of others."  <u>Legal Eagle, LLC</u>, 2021 WL 1061222, at *6.  In sum, there is no basis for offering Plaintiff special treatment not available to similarly situated FOIA requesters, most of whom are patiently waiting in line.

EPA counters that its request deserves priority because "Ms. Klein's potential conflicts are currently the subject of on-going media and public interest, as made clear in Plaintiff's

8

pleadings and the subsequent public record." Pl. MSJ at 4. Even assuming that there is some current public interest, "Congress has made clear that judicial review of agency denials of requests for expedited processing must be 'based on the record before the agency at the time of the determination,' not on" outside information. See Legal Eagle, LLC, 2021 WL 1061222, at *6 (quoting 5 U.S.C. § 552(a)(6)(E)(iii)). Indeed, courts routinely affirm agencies' denials of requests to expedite because the requester has failed to adequately demonstrate urgency based on the administrative record. See, e.g., Al-Fayed, 254 F.3d at 311 ("[T]he record does not contain any news report on the subject . . . other than reports on the press conference plaintiffs held to announce the filing of their complaint . . . . Such evidence is insufficient to demonstrate that the request concerns a matter of current exigency."); Progress, 2017 WL 1750263, at *5 ("[T]he Court in no way concludes that there is not in reality substantial public interest . . . . Rather, the Court merely finds that the current record, which it was Plaintiff's burden to develop, does not provide any evidence of this public interest."); Wadelton, 941 F. Supp. 2d at 124 ("Plaintiffs' submission of one article, a series of posts on a specialized blog, and plaintiff Truthout's representation that it 'intends' to publish a story do not come close to demonstrating a comparable level of media interest."). As EPA's request — as opposed to its briefing — never sets forth any convincing basis for urgency, the agency was correct to deny it.

    B.   Interior's Denial of Expedited Processing

Even if it comes up short on the merits, EPA maintains that it is nonetheless entitled to summary judgment because Interior provided no substantive explanation for denying the request to expedite. See Pl. MSJ at 4–5. Interior stated merely, "Your request for Expedited Processing for the FOIA request DOI-SOL-2021-003887 has been denied." Administrative Record at 3. Plaintiff posits that this explanation ran afoul of 43 C.F.R. § 2.20(g)(l), which states that Interior

will "[i]nform [a requester] of the basis for the denial, including an explanation of why the expedited processing request does not meet the Department's expedited processing criteria."

Although EPA may be correct that Interior should have provided a reason, that does not mean that it should obtain summary judgment. At bottom, Plaintiff's contention ignores the reality that it "bears the burden of showing that [it] is entitled to expedited processing." Legal Eagle, LLC, 2021 WL 1061222, at *5 (citing Al-Fayed, 254 F.3d at 305 n.4). In other words, it is EPA's duty to establish, based on the administrative record, (1) that it is primarily engaged in disseminating information, and (2) urgency. As just explained, Plaintiff has not carried that burden. "Because the Court conducts a de novo review of the record before the agency, [EPA's] argument that the denial[] fail[s] to demonstrate reasoned decisionmaking does not affect the Court's conclusion." Id. at *5 n.6. While suboptimal, Interior's lack of a thorough explanation does not undermine EPA's ability to demonstrate a compelling need for expedited processing based on its own requests. Put another way, given the applicable standards of review, the agency's explanation (or lack thereof) did not cause Plaintiff any prejudice.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion for Summary Judgment and grant Defendant's Cross-Motion. A separate Order so stating will issue this day.

/s/ James E. Boasberg  
JAMES E. BOASBERG  
United States District Judge

Date: September 22, 2021